**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James JACKSON, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Billy JACKSON, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v. .

**Margaret Jane SEAMAN, Defendant-
Appellant.**

Nos. 15927–15929.

United States Court of Appeals
Sixth Circuit.

May 11, 1965.

Bush P. Mitchell, Dayton, Ohio, on the brief, for appellants.

Joseph P. Kinneary, U. S. Atty., Dayton, Ohio, Robert A. Bell, Asst. U. S. Atty., Columbus, Ohio, for appellee.

Before CECIL, PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

Appellants were found guilty by a jury and convicted of violating the White Slave Traffic Act, 18 U.S.C. §§ 2421 and 2423, and the general criminal conspiracy provisions of 18 U.S.C. § 371.

The first count of the indictment charged that appellants knowingly persuaded, induced, enticed and coerced a girl under eighteen years of age to go from Dayton, Ohio, to Indianapolis, Indiana, to engage in prostitution, in violation of 18 U.S.C. § 2423. The second count charged a conspiracy in violation of 18 U.S.C. § 371. The third count charged that appellant James Jackson knowingly caused appellant Margaret Jane Seaman to travel from Dayton to Indianapolis for purposes of prostitution. 18 U.S.C. § 2421.

The evidence showed that James Jackson and Margaret Jane Seaman had lived together for several years; that Margaret Jane Seaman occupied an apartment in Indianapolis where she practiced prostitution, under an arrangement with James Jackson; and that all three appellants participated in a plan to transport a girl under eighteen years of age from Dayton to Indianapolis with the intent that she engage in prostitution.

James Jackson was sentenced to four years' imprisonment on each of the three counts, Margaret Jane Seaman to four years' imprisonment on each of two counts, and Billy Jackson to two years' imprisonment on each of two counts, all sentences to run concurrently.

The principal contention of appellants is that the trial court committed reversible error in permitting the district attorney to cross-examine appellant Margaret Jane Seaman relative to a prior conviction for prostitution.

■ It is well settled that a prior offense of a like nature to that charged may be proved to show guilty intent. United States v. Denton, 336 F.2d 785, 788 (C.A. 6); 2 Wigmore, Evidence § 302 (3rd ed. 1940). This is particularly true in White Slave Traffic Act cases. Lindsey v. United States, 227 F.2d 113, 117 (C.A. 5), cert. denied, 350 U.S. 1008, 76 S.Ct. 653, 100 L.Ed. 869.

■ It is equally well established that an accused in a criminal proceeding who takes the stand as a witness is subject to the same kind of cross-examination as any other witness. Hug v. United States, 329 F.2d 475, 484 (C.A. 6), cert. denied, 379 U.S. 818, 85 S.Ct. 37, 13 L.Ed.2d 30; Banning v. United States, 130 F.2d 330, 337 (C.A. 6), cert. denied, 317 U.S. 695, 63 S.Ct. 434, 87 L.Ed. 556. By taking the stand as a witness on her own behalf, this appellant subjected herself to legitimate and pertinent cross-examination to test her veracity and credibility, United States v. Pennix, 313 F.2d 524, 528 (C.A. 4), including questions concerning her prior conviction of a felony or crime involving moral turpitude, Smith v. United States, 283 F.2d 16, 22 (C.A. 6), cert. denied, 365 U.S. 847, 81 S.Ct. 808, 5 L.Ed.2d 811, 87 A.L.R.2d 394; Henderson v. United States, 202 F.2d 400, 405 (C.A. 6); 3 Wigmore, Evidence § 987 (3rd ed. 1940).

■ It is urged that testimony elicited during the cross-examination of appellant Seaman regarding the punishment under her previous conviction was reversible error. When evidence of a prior offense is admissible, the official record of conviction is admissible. There is some divergence as to whether cross-examination should be allowed on all matters that would be contained in the printed record of conviction or only "the name of the crime, the time and place of conviction, and the punishment." McCormick states the latter to be the general rule. McCormick, Evidence, § 43 at 92 (1954).

■ After admitting that she had a previous conviction for prostitution, appellant Seaman testified that she plead "not guilty" at her former trial. She strongly contended that she had never in fact been guilty of acts of prostitution. She further testified that she served no prison sentence and paid no fine, but was merely required to pay the court costs under her prior conviction. This testimony would tend to minimize or mitigate the evidence of her prior conviction. Even if the admission of this testimony should be held to be erroneous, it was harmless error. Rule 52(a), Federal Rules of Criminal Procedure.

All other contentions of appellants have been considered and are found to be without merit.

The judgment of the district court is affirmed.