**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Daniel Raymond BERRIEL, Defendant-**
**Appellant.**

**No. 16671.**

United States Court of Appeals
Sixth Circuit.

Jan. 30, 1967.

Sheldon Otis (Court Appointed) and
Justin C. Ravitz, Detroit, Mich., for ap-
pellant.

Robert J. Grace, Asst. U. S. Atty.,
Detroit, Mich., for appellee. Lawrence
Gubow, U. S. Atty., Detroit, Mich., on
brief.

Before WEICK, Chief Judge, and
O'SULLIVAN and PECK, Circuit
Judges.

PER CURIAM.

Appellant, Daniel Raymond Berriel,
and a co-defendant McGrath, were con-
victed upon a jury trial of bank robbery,
in violation of 18 U.S.C. § 2113(a). Both
defendants were identified by several
eyewitnesses as participants in the
crime. Error is assigned in the failure
to appoint separate counsel and in the
cross-examination of appellant as to his
previous conviction of felonies

1) Separate counsel.

▆ Appellant and his co-defendant
were arraigned in the District Court for
the Eastern District of Michigan, and
one attorney was appointed to represent
both. The District Judge then advised
that if the appointed counsel considered
that there could be any conflict of in-
terest, he should inform the judge. For
reasons undisclosed here the originally
appointed attorney did not conduct the
defense, and the case was tried before a
different judge. This judge appointed a
different attorney who conducted the de-
fense for both defendants. Neither the
defendants nor the appointed counsel re-
quested that each defendant have his
own attorney. The record discloses no
conflict of interest between defendants,
and the appeal points to no substantial
prejudice that came to either defendant
because of the single attorney's conduct
of the defense.

Our recent decision in United States v.
Burkeen, 355 F.2d 241 (CA 6, 1966) is
dispositive of this question. We there
quoted from United States v. Dardi, 330
F.2d 316, 335 (CA 2) as follows:

"Such an assignment [a single attor-
ney for co-defendants] is not, in itself,
a denial of effective assistance of coun-
sel. Since Glasser v. United States,
315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680
(1942), it has been clear that some con-
flict of interest must be shown before
an appellant can successfully claim that
representation by an attorney also en-
gaged by another defendant deprived
him of his right to counsel."

We find neither conflict of interest nor
prejudice to support this claim of error.

2) Cross-examination of appellant.

▆ Appellant testified in his own de-
fense and cross-examination brought out

previous felony convictions. We have recently ruled against appellant's contention that such cross-examination was improper. United States v. Jackson, 344 F. 2d 922, 923 (CA 6, 1965). See also United States v. Walker, 313 F.2d 236, 238 (CA 6, 1963).

Judgment affirmed.