**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank Benjamin LONG, Defendant-
Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Leslie Stephen BRANNUM, Defendant-
Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Billy Ray MANNING, Defendant-
Appellant.**

**Nos. 18752–18754.**

United States Court of Appeals
Sixth Circuit.

July 30, 1969.

David I. Kaufman, court-appointed, Detroit, Mich., for appellants, Provizer & Eisenberg, P. C., Detroit, Mich., on brief.

Howard E. O'Leary, Detroit, Mich., for appellee, Robert J. Grace, U. S. Atty., Detroit, Mich., on brief.

Before WEICK, Chief Judge, PECK and COMBS, Circuit Judges.

PER CURIAM.

Defendants-appellants, prisoners in a federal correctional institution, were found guilty by a jury of escaping from that institution in violation of 18 U.S.C. § 751. Each defendant was sentenced to an additional eighteen months imprisonment.

At their joint trial, all three defendants were represented by a single court

appointed attorney. It was established by the Government, without contradiction, that the defendants were lawfully confined; that they escaped from the institution, were apprehended, and were returned to prison. During the presentation of its case, the Government produced an FBI agent who testified, among other things, that when defendant Long was apprehended he admitted escaping with two other individuals. Of the three defendants, only Long testified. He attempted to excuse his actions on the ground that he was under the influence of drugs at the time of the escape.

The sole issue raised on this appeal is whether defendants were denied effective assistance of counsel by not having separate counsel appointed for each defendant. In United States v. Berriel, 371 F.2d 587 (6th Cir. 1967), we held that the assignment of a single attorney for co-defendants is not a denial of effective assistance of counsel unless an actual conflict of interest between them is shown. In addition to criticizing *Berriel's* requirement that an actual conflict must be shown, defendants also argue that this record does disclose an actual conflict of interest.

We are not impressed with the criticism of *Berriel*. We think the rule of that case is sound and we have no inclination to depart from it. Moreover, we are not convinced that a conflict of interest is shown here merely by the fact that appointed counsel directed his trial efforts primarily toward establishing Long's defense. Counsel's trial strategy in this regard is not evidence that he was plagued with a conflict of defenses. We are inclined to the belief that the defendant Long was the only one of his clients who had any semblance of defense.

It is argued that, although it was in Long's interest to testify, this was not necessarily in the interest of his co-defendants because once he took the witness stand the co-defendants Brannum and Manning could not rely on the rule

in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), in regard to an out of court statement made by Long which incriminated them. We are not persuaded that this presented any conflict of interest between the defendants. The argument that, if Long had not been placed on the stand, Brannum and Manning might have benefitted by the rule of *Bruton* is not convincing. Brannum and Manning could not have availed themselves of the *Bruton* rule regardless of whether Long testified. This is true because the evidence against them was conclusive and overwhelming without reference to Long's confession. So, any error which might have occurred in regard to the admission of Long's confession would have been harmless to Brannum and Manning beyond a reasonable doubt. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (June 3, 1969); United States v. Levinson, 405 F.2d 971 (6th Cir.1968).

Judgments affirmed.