**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Arden Renee CALE, Defendant-Appellant.**

**No. 18947.**

United States Court of Appeals
Sixth Circuit.

Nov. 25, 1969.

**898**

Jack Kershaw, Nashville, Tenn., for appellant.

George LeFevre, Asst. U. S. Atty., Nashville, Tenn., for appellee, Charles H. Anderson, U. S. Atty., Nashville, Tenn., on brief.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and BROOKS*, District Judge.

PER CURIAM.

Appellant and her husband, Robert C. Cale, were convicted on a five-count indictment charging violations of 18 U.S.C. § 472, Uttering Counterfeit Obligations or Securities; and aiding and abetting the same. Appellant and her husband were jointly tried, and both were represented at trial by the same privately retained counsel.

During the trial a pretrial statement made by the appellant's husband was read to the jury. The statement implicated the appellant to the extent that it asserted that appellant made small purchases of items such as cigarettes, bread and ice cream at the business places where she allegedly passed the counterfeit $20.00 bills. The statement exculpated the husband by implying that he had no knowledge that his wife was using $20.00 bills to make the numerous small purchases. The privately retained counsel specifically stated that he had no objection to the husband's pretrial statement being read to the jury.

■■■■ Appellant contends that the defense counsel's failure to object to the admission of the husband's pretrial statement denied her the effective assistance of counsel because it aligned the defense counsel's efforts with her husband's interests, which in light of the assertions in the statement were adverse to her own. We find no merit in this contention. The privately retained counsel's determination that there was no conflict of interest must weigh heavily against the appellant, but we need not rely solely on counsel's determination. Our own examination of the record shows that there was no actual conflict of interest between the codefendants. Both defendants took the witness stand

---

* Honorable Henry L. Brooks, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation.

in their own defense; the husband specifically denied the truth of those parts of the pretrial statement which tended to implicate the appellant. The appellant similarly denied the truth of those parts of the statement. Thus we find no actual conflict of interest between the codefendants, and hold that there was no denial of the effective assistance of counsel. *See* Glasser v. United States, 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Long, 415 F.2d 307 (6th Cir. 1969); United States v. Berriel, 371 F.2d 587 (6th Cir. 1967); United States v. Burkeen, 355 F.2d 241 (6th Cir. 1966). In light of this determination we cannot say that the District Court committed "plain error" in failing to grant appellant a severance or separate counsel on its own motion. Without basing our conclusion on this circumstance, we observe that a contrary rule of law would place a trial judge squarely on the horns of a dilemma by requiring him to determine when, if at all, he should inject himself into the defendants' case, thereby simultaneously upsetting defense strategy and offering counsel the supreme insult of accusing him of attempting to serve two masters with conflicting interests. The burden of such a responsibility would become particularly great where, as here, those masters had privately selected and planned with their counsel, and is one we would not lightly impose.

■ Appellant also contends, relying on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), that the admission of her husband's statement denied her the right of cross-examination of the witnesses against her. Since her husband took the witness stand and was subject to examination by the defense counsel about the statement, there could have been no denial of the right of cross-examination absent an actual conflict of interest between the codefendants. In light of our finding on this issue above, we conclude that appellant's reliance on Bruton v. United States, *supra,* is misplaced. Again, however, there is an alternative ground for

our determination of the issue. Even if *Bruton* were to apply, our examination of the record reveals overwhelming evidence of the appellant's guilt. The appellant was identified by numerous witnesses as the person who passed the counterfeit money, and the appellant's car, including the license number, was identified as the car used by the person who passed the counterfeit money. Therefore, in light of all the evidence, even if the admission of the husband's statement could be considered error, it was beyond a reasonable doubt harmless error. *See* Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); United States v. Levinson, 405 F.2d 971 (6th Cir. 1968); United States v. Sims, 297 F.Supp. 1009 (W.D.Tenn. 1969).

We have considered appellant's other contention, namely, that the admission of the husband's statement constituted such a surprise as to deny her the adequate opportunity to prepare a defense, and find it to be wholly without merit. Accordingly,

The judgment of the District Court is affirmed.