UNITED STATES of America, Plaintiff-Appellee,

v.

Evanyelos GEORVASSILIS, Defendant-Appellant.

No. 73–2232.

United States Court of Appeals, Sixth Circuit.

Argued April 16, 1974.

Decided July 5, 1974.

Carl F. Schier, Jenkins, Fortescue, Miller & Nystrom, Lathrup Village, Mich., on brief for defendant-appellant.

Ralph B. Guy, Jr., U. S. Atty., Peter J. Kelley, Asst. U. S. Atty., Detroit, Mich., on brief, for plaintiff-appellee.

Before WEICK, MILLER and LIVELY, Circuit Judges.

WILLIAM E. MILLER, Circuit Judge.

The appellant, Evanyelos Georvassilis, and his co-defendant, Thomas Murphy,

were indicted for violating 18 U.S.C. § 242.[1] Specifically, the indictment charged that Murphy and appellant had assaulted and beaten one John Shelton while he was a prisoner in the Wayne County jail. Both defendants retained the same attorney. Two months before trial, defendants' counsel moved for separate trials because the defenses would be inconsistent. A hearing on this motion was set for the morning that trial was to begin. However, it appears that the motion was not pressed, and the court never made a ruling.

The trial was to the court without a jury. The common defense of both defendants was that they had used no more force than necessary to control the recalcitrant prisoner. Neither defendant took the stand although defense counsel had told the court at the start of trial that one defendant might testify. The attorney did not identify the potential witness.

Five days after the entry of the verdict, defendants moved for a new trial for the reason that defendant Murphy now wished to testify and present evidence that would exonerate him. No statement was made that appellant wished to testify nor was there any allegation that evidence would be submitted that would exculpate him. Quite the contrary. In the affidavit accompanying the motion the defendants' attorney stated that Murphy's testimony would be adverse to appellant. The attorney went on to state that as a result of his pretrial investigation of the case he discovered facts that would have supported Murphy's acquittal. Murphy was then advised that it was in his best interest to testify in his own behalf, but he continually told the attorney that he did not wish to take the stand—perhaps because

he did not wish to incriminate appellant, his fellow deputy. It was only after the trial that Murphy advised his attorney that he wished to testify.

The court granted a new trial for Murphy. Since there was no indication that appellant wished to testify or that he would present any new evidence helpful to his cause, the court denied his new trial motion. However, in order not to further and unnecessarily to implicate appellant, the court limited the scope of Murphy's subsequent testimony "to his physical and verbal acts regarding the events in question." As a result of Murphy's testimony, the court vacated the former conviction and entered a verdict of not guilty in its stead. Appellant now brings this appeal attacking the validity of § 242 under which he was indicted and also alleging that the district court erred in not granting him a new trial.

■ An essential element of the charge against appellant under § 242 was that he deprived Shelton of "rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . ." Appellant contends that even if he did assault Shelton, he did not violate any of the prisoner's constitutional rights but at most committed a tort under state law. We disagree. Shelton's eighth amendment right to be free from cruel and unusual punishment prohibits state officers at detention facilities from subjecting prisoners to assaults and beatings. See Jackson v. Bishop, 404 F.2d 571, 579–580 (8th Cir. 1968). Appellant's alleged actions violated that right and thereby brought him within the ambit of illegal conduct described in the statute.

■ Appellant also contends that the district court should be reversed be-

1. The statute reads as follows:

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both; and if death results shall be subject to imprisonment for any term of years or for life.

cause if there is a new trial appellant "might" decide to testify and "might" present evidence that would cast doubt on the guilty verdict. Neither before the district court nor before this court on appeal has appellant stated positively that he would take the stand on retrial or that he would present evidence that was not submitted at the first trial. Instead, appellant states that since defendant Murphy was acquitted on retrial, then there is the possibility that he might also be acquitted. This sort of vague suggestion that somehow the verdict on retrial might be different from that of the original trial is not sufficient to warrant a new trial. When there is a proper reason for doing so, there is no barrier to granting a retrial to one co-defendant but not to the other. United States v. Proctor, 12 FRD 359 (D.C.D.C.1951). In this case the district court correctly followed that procedure.

■ Although it was not raised in the briefs, there is one more matter that is of sufficient importance to warrant discussion. Defense counsel discovered prior to the original trial that Murphy had a strong defense that was inconsistent with that of the appellant. Moreover, if Murphy had taken the stand, his testimony would have been detrimental to appellant's cause. When such a situation arises, it is impossible for one lawyer adequately to represent the interests of both defendants in a joint trial. *See* Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Defense counsel should have realized that a vigorous defense of Murphy would have been detrimental to appellant. To avoid all possible conflicts of interest an attorney may have to limit his representation in such situations to only one of the defendants. *See* The Code of Professional Responsibility of the American Bar Association, EC 5–14 through 5–17. This is the recommended course even though the defendant continually states that he does not wish to assert the inconsistent defense. For in attempting to persuade one defendant to take the stand, the attorney must necessarily work against the interest of his other client. On the other hand, if he does not vigorously urge the one defendant to testify, he has not met his responsibility to that client. The situation is fraught with difficulty for both the attorney and the client. The only effective and proper solution would appear to be the attorney's withdrawal from the representation of one of the defendants.

■ When the possibility of inconsistent defenses is brought to the attention of the court, as it was here in the pretrial motion for severance, the court should inquire into the nature of the conflict and, if necessary, strongly suggest that the defendants should be represented by separate counsel. *See* United ed States v. Alberti, 470 F.2d 878, 881–882 (2nd Cir. 1972), cert. den., 411 U.S. 919, 93 S.Ct. 1557, 36 L.Ed.2d 311 (1973). Once the court learns of the problem, it should pursue the matter itself even if the attorney does not.

■ In the present case, since appellant was not prejudiced by being represented by the same attorney as Murphy, there is no basis for a new trial. United ed States v. Long, 415 F.2d 307 (6th Cir. 1969); United States v. Foster, 469 F.2d 1 (1st Cir. 1972). In fact, it appears that appellant benefitted from this arrangement, for had Murphy been represented by separate counsel, he might have been persuaded to take the stand and give testimony that would have been adverse to appellant's defense. There is no suggestion in the briefs or in the record that appellant had any defense that was not raised nor any favorable evidence that was not submitted.

The judgment of conviction is affirmed.