**UNITED STATES of America**

v.

**Frank MOTEN, Defendant.**

No. 76 Cr. 324.

United States District Court,
S. D. New York.

Oct. 27, 1978.

Robert B. Fiske, Jr., U. S. Atty. by Daniel J. Beller, Asst. U. S. Atty., New York City, for United States of America.

Henry J. Boitel, New York City, for defendant Sebastian Intersimone.

Royal B. Martin, Jr., Chicago, Ill., Frank A. Lopez, New York City, for defendant Yvonne Schennault.

Kenneth Michael Robinson, Washington, D. C., for defendants Lois Sampson, Joseph Sampson.

Defendants Charles Cowper, Sidney Foster, William Hightower, James Laws, Lawrence Joseph Mitchell, John Morris pro se.

## MEMORANDUM AND ORDER

OWEN, District Judge.

There having been a remand ordering further proceedings in this case on the question of jury taint, *United States v. Moten*, 582 F.2d 654 (2d Cir. 1978), numerous co-defendants of Frank Moten, both formally and informally, have applied to this court to be a party to or at least be present at such proceedings.[1] For the reasons given below, these motions are denied.

■ Co-defendants do not have a constitutional right to join in a defendant's motion for post-trial relief. Just as co-defendants are treated separately for the purpose of determining guilt or innocence at trial, they are treated separately for the purpose of determining whether they have had a fair trial or are entitled to a new one. *Reiss v. United States*, 324 F.2d 680, 687 (1st Cir. 1963), *cert. denied*, 376 U.S. 911, 84 S.Ct. 667, 11 L.Ed.2d 609 (1964) (co-defendants charged with conspiring with defendant not entitled to have verdict against them set aside just because it had been set aside as to defendant); *United States v. Georvassilis*, 498 F.2d 883, 886 (6th Cir. 1974) (possibility that since one defendant was acquitted on retrial his co-defendant might also be acquitted not sufficient to warrant a new trial for the co-defendant); *Leach v. United States*, 402 F.2d 268 (5th Cir. 1968), *cert. denied*, 393 U.S. 1082, 89 S.Ct. 864, 21 L.Ed.2d 775 (1969) (whether to grant motion for new trial and severance is a matter of discretion; no abuse where judge admitted evidence with appropriate cautionary instructions to jurors).

■ In its remand order, the Court of Appeals specifically left the decision whether to proceed jointly or individually to this court's sound discretion. 582 F.2d at 667. I conclude that joinder at this stage is both unnecessary and impractical. Moten's counsel is capable of protecting his own client's interests without the co-defendant's participation. The co-defendants in turn will have the benefit of anything discovered by Moten without being precluded from introducing new evidence of their own. Once the issues in Moten's case are resolved, any co-defendant can take appropriate action based on any evidence brought out by Moten.

Two further factors are also important. First, the threshold questions to be determined on this remand can be adequately explored without the involvement of a multitude of parties or counsel. Second, most of the co-defendants are presently in various federal prisons throughout the country, and many are indigent. The assignment of acceptable counsel—new counsel in some cases—who must then familiarize themselves with at least some part of the record in this three months' trial, occasions an unacceptable delay, not to mention the substantial (and possibly needless) expenditure of Criminal Justice Act funds at this time. Given this, I conclude that it is inappropriate to join the co-defendants at this time.

Since Moten's co-defendants will not be parties to the proceedings in the *Moten* case, it is unnecessary that they be present; the hearing will be recorded, and co-defendants desiring to know what transpired may request a copy of the transcript. The expense and the security risks that would be involved in bringing the defendants in to be spectators at these proceedings cannot be

---

1. Applications have been submitted by the following defendants: Sebastian Intersimone, Lawrence Joseph Mitchell, Yvonne Schennault, Lois Sampson, Joseph Sampson, Charles Cowper, John Morris, Sidney Foster, William Hightower, James Laws. The Hightower motion has been mooted by his recent death in prison.

justified. It should be noted that even if these defendants were made parties to the *Moten* proceedings they would have no absolute right to participate in them personally. The Sixth Amendment gives defendants the right to confront the witnesses against them in a criminal prosecution, but it does not give them the right to confront their jurors after the trial. *Polizzi v. United States*, 550 F.2d 1133, 1138 (9th Cir. 1976). Moreover, Rule 43(a) of the Federal Rules of Criminal Procedure mandates the presence of a defendant only "at every stage of the trial . . . and at the imposition of sentence"; as the first Advisory Committee Note to this rule expressly states, "[t]his principle does not apply to hearings on motions made prior to or after trial."

Accordingly, the motions are denied.

So Ordered.