762 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES P. POTTER, PLAINTIFF-APPELLANT,
v.
HERMAN C. DAVIS, WARDEN, DEFENDANT-APPELLEE.
 NO. 82-5783
 United States Court of Appeals, Sixth Circuit.
 4/26/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 BEFORE: KEITH and JONES, Circuit Judges; and DIGGS TAYLOR, District Judge.*
 Per Curiam.
 
 
 1
 James Potter appeals from a judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. We reverse and remand for an evidentiary hearing.
 
 
 2
 On December 3, 1983, Potter filed a pro se complaint which advanced the following allegations:
 
 
 3
 I have been suffering with mental health before my conviction. The STATE will not place me in a mental hospital. I have been sent to Deberry Correction two times but they cannot help me with my mental health. I am always telling the correctional officers I want to kill them or do something bad to them. I cannot stand a correctional officer. I have been beaten many times and received many write ups for my condition. I am up for parole in June of 1983. I am in no condition for the outside world. I need to be placed in a mental hospital. I should have been put in a hospital from the start. Please help me get help for my mental condition.
 
 
 4
 Based upon those allegations, Potter made the following requests:
 
 
 5
 Order the STATE to turn my mental record over to this Court along with my prison records so this court can review my records and see I need help from mental health.
 
 
 6
 Order the STATE to have me committed to mental health where I can get help for my condition and not beaten's [sic] and write ups.
 
 
 7
 Attached to Potter's complaint was an affidavit in support of his request to proceed in forma pauperis. After that request was granted, the district court ordered the dismissal of his complaint. Potter's appeal is now before this Court.
 
 
 8
 Dismissal of a civil rights complaint is proper if it appears beyond doubt that plaintiff cannot prove a set of facts in support of a claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Westlake v. Lucas, 537 F.2d 857, 858-59 (6th Cir. 1976). On review, therefore, this Court must determine whether such doubt existed. Id. That determination must be made through a liberal reading of Potter's pro se prisoner complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).
 
 
 9
 * The district court dismissed Potter's complaint for two reasons. We do not believe that either of the district court's reasons are completely accurate.
 
 A. FEDERAL CONSTITUTIONAL RIGHTS
 
 10
 First, the district court reasoned that '[p]laintiff has not alleged a violation of his constitutional rights.' We disagree because the district court erroneously implies that Potter did not allege any constitutional rights.
 
 
 11
 A liberal construction of Potter's pro se prisoner complaint reveals that it states two allegations: physical abuse and improper mental health care. Admittedly, Potter's allegation of physical abuse is not crystal clear; it does indicate that he has been 'beaten many times' though, concededly, it fails to indicate whether he was abused by inmates, guards, or Herman Davis, the warden. Nevertheless, Potter has a constitutional right not to be attacked by his jailer. See e.g., Harris v. Chanclor, 537 F.2d 203 (5th Cir. 1976) (Eighth Amendment); United States v. Georvassilis, 498 F.2d 883, 885 (6th Cir. 1974) (state officials at a detention facility). Moreover, although the Sixth Circuit has never directly addressed the question, we believe that Potter has a constitutional right to be protected from attacks by other inmates. That constitutional right arises from the Eighth Amendment, see, e.g., Withers v. Levine, 615 F.2d 158, 161 (4th Cir.), cert. denied, 449 U.S. 849 (1980); Ramos v. Lamm, 639 F.2d 559, 572 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981); McCray v. Sullivan, 509 F.2d 1332, 1334 (5th Cir.), cert. denied, 423 U.S. 859 (1975); Gates v. Collier, 501 F.2d 1291, 1308-10 (5th Cir. 1974); Holt v. Sarver, 442 F.2d 304, 308 (8th Cir. 1971); Pugh v. Locke, 406 F. Supp. 318, 328-29 (D.C. Al. 1976), cert. denied, 438 U.S. 915 (1978), and from the Fourteenth Amendment. See, e.g., Spence v. Staras, 507 F.2d 554, 557 (7th Cir. 1974) (inmate in state mental hospital has right under the Fourteenth Amendment to be protected from attacks by fellow inmates); Curtis v. Everette, 489 F.2d 516, 518 (3d Cir. 1973), cert. denied, 416 U.S. 995 (1974); Woodhous v. Commonwealth of Virginia, 487 F.2d 889, 890 (4th Cir. 1973); Pugh, 406 F. Supp. at 328-29 (due process clause). Hence, a liberal construction of the complaint reveals that Potter's allegation of physical abuse, albeit inartful, is grounded in his constitutional right to be free from such abuse.
 
 
 12
 A liberal construction of the complaint also reveals that Potter's allegation of improper mental health care is constitutionally grounded. That is, Potter has a constitutional right to psychiatric care. In recognizing that right some courts have found that the constitutional right to reasonable medical care, which was found by the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 103 (1976), includes the right to psychological or psychiatric treatment. See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 763 (3rd Cir. 1979); Bowring v. Godwin, 551 F.2d 44, 47 (4th Cir. 1977); Robert E. v. Lane, 530 F. Supp. 930, 938-39 (N.D. Ill. 1981); Ruiz v. Estelle, 503 F. Supp. 1265, 1338-39 (S.D. Tex. 1980), aff'd in part, revs'd in part on other grounds, 679 F.2d 1115 (5th Cir. 1982), cert. denied, 460 U.S. 1042 (1983); Laaman v. Helgemoe, 437 F. Supp. 269 (D. N.H. 1977). This Court recognizes that prisoners have a constitutional right to reasonable medical care, see, e.g., Byrd v. Wilson, 701 F.2d 592 (6th Cir. 1983), (per curiam). We now recognize the constitutional right to reasonable psychiatric care by adopting a three-part test set forth by the Fourth Circuit in Bowring v. Godwin. See Grubbs v. Bradley, 552 F. Supp. 1052, 1123 (M.D. Tenn. 1982) ('In addition, inmates must be provided with medically necessary mental health treatment').
 
 B. STATE-CREATED LIBERTY INTEREST
 
 13
 The district court's second reason for dismissing Potter's complaint was that according to Meachum v. Fano, 427 U.S. 215 (1976), federal courts should not interfere with state officials' decisions about prisoner transfer. Meachum does state that '[t]he federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States.' Id. at 229. That statement, however, was made in recognition that Massachusetts law vested prison officials with broad discretion to transfer prisoners for a variety of reasons. Id. at 228. Only because of that broad discretion, did the Supreme Court refuse to interpret and apply the Due Process Clause. Id. at 229.
 
 
 14
 Absent that broad discretion, the Supreme Court has interpreted and applied the Due Process Clause. For example, in Wolff v. McDonnell, 418 U.S. 539 (1974) Nebraska provided prisoners with two statutory rights: one to good time and the other to forfeiture of that good time only upon serious misbehavior. Id. at 557. Those statutory rights limited the discretion of the prison officials. Because of that limited discretion the Supreme Court held that the Due Process Clause applied 'to insure that the state-created right [was] not arbitrarily abrogated.' Id.; see also, Meachum, 427 at 226.
 
 
 15
 Meachum and Wolff are reconcilable. Meachum, 427 U.S. at 225. Meachum stands for the proposition that the Due Process Clause will not be applied and interpreted when prison officials have wide discretion. Meachum, 427 U.S. at 227-29. Wolff holds that the Due Process Clause will be applied and interpreted when the state has limited prison officials' discretion through a state-created prisoner liberty interest. Id.; Wolff, 418 U.S. at 556-58. Whether the Due Process Clause will be applied, therefore, depends upon determining if prison officials have broad or limited discretion. Consequently, both Meachum and Wolff stand for the principle that when there exists a 'predicate for invoking the protection of the Fourteenth Amendment' the Due Process Clause will be applied. See Walker v. Hughes, 558 F.2d 1247, 1250-57 (6th Cir. 1977).
 
 
 16
 In Wolff, of course, the predicate was a state-created prisoner liberty interest that limited the discretion of prison officials. In Meachum, there was no predicate because the prison officials had broad discretion. Here, the district court did not determine whether Davis had broad or limited discretion to transfer Potter to a state mental health institution. Nevertheless, we believe that Sec. 37-3-402 of the Tennessee Code limits Davis's discretion because it gives Potter a liberty interest in transfer to a mental health institution.
 
 
 17
 The district court erred, therefore, since it did not recognize that Potter's complaint alleged a state-created liberty interest in transfer to a mental health institution and since it did not outline the process that is due Potter under Sec. 33-3-402 and the Due Process Clause. See Walker, 558 F.2d at 1256
 
 
 18
 Accordingly, we REVERSE and REMAND the matter to the district court for an evidentiary hearing to determine whether Potter's rights have been violated.
 
 
 
 *
 Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation