**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William KIRALY, Defendant-Appellant.**

**No. 21047.**

United States Court of Appeals,
Sixth Circuit.

July 14, 1971.

Gerald A. Messerman, Cleveland, Ohio, Gold, Rotatori, Messerman & Hanna, Cleveland, Ohio, on the brief, for appellant.

Jack B. Streepy, Asst. U. S. Atty., Cleveland, Ohio, Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, on the brief, for appellee.

Before EDWARDS, CELEBREZZE and BROOKS, Circuit Judges.

PER CURIAM.

Appellant appeals from a jury verdict of guilty and a sentence of three years which was subsequently suspended in favor of five years probation. Appellant had been indicted for and convicted of violating 18 U.S.C. § 111 (1964) which prohibits assaulting or interfering with a federal officer in the performance of his duties. The same jury found appellant not guilty under another count alleging violation of the same statute.

Appellant presents a number of issues, the most substantial of which represent claims that the District Judge committed reversible error by failing to recognize that government proof of scienter was an essential element of the crime charged, and by failing to give appellant's requested charge concerning trespassing.

The statute herein involved does not on its face require proof of scienter as an element of the crime. McNabb v. United States, 123 F.2d 848 (6th Cir. 1941). Inspection of this record convinces this court that there were no special facts requiring proof of scienter in this case. *Cf.* United States v. Rybicki, 403 F.2d 599 (6th Cir. 1968). And in any event, there was ample testimony, including that of appellant himself, that the FBI Agents identified themselves not only orally but by producing and showing their identification cards before the events which led to the instant charge.

As to appellant's trespass claims, we have read appellant's proffered charge and the charge as given by the District Judge and find no reversible error in the charge as given when taken as a whole.

The only other appellate issue of possible substance is appellant's claim that his pretrial motion for suppression of any reference to appellant's prior felony convictions in the event appellant took the stand should have been granted, and that the District Judge's failure to do so constituted reversible error. Actually, appellant testified and on direct examination his own counsel elicited the facts which he claims the trial judge should have suppressed. Under established rules of this circuit, the felony convictions were admissible. United States v. Wade, 364 F.2d 931 (6th Cir. 1966).

And, in any event, we find no abuse of discretion (*See* United States v. Palumbo, 401 F.2d 270 (2nd Cir. 1968)) in the District Judge's ruling which could be held to be reversible error under the total facts of this case.

The judgment of the District Court is affirmed.