UNITED STATES of America,
Plaintiff-Appellee,

v.

Curtis CORNETT, Defendant-Appellant.

No. 73–1134.

United States Court of Appeals,
Sixth Circuit.

Decided and Filed Oct. 5, 1973.

Richard D. Cooper, Hazard, Ky. (Court Appointed), on brief, for appellant.

Robert M. Murphy, Asst. U. S. Atty., Lexington, Ky., for appellee; Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

The appellant, Curtis Cornett, appeals from his conviction in the United States District Court for the Eastern District of Kentucky on two counts of an indictment charging violation of certain provisions of Section 922, Title 18, U.S.C., relative to the acquisition of a firearm. Count one charged that the appellant on or about January 20, 1971 falsely stated in connection with the acquisition of a firearm that he had not been convicted of a felony when in fact he had been convicted of Grand Larceny on September 31, 1956. (sic) (Sec. 922(a)(6)). Count two charged that the appellant on or about January 20, 1971, having been convicted of a felony on September 31, 1956, (sic) knowingly received and had in his possession a firearm which had been transported in interstate commerce. (Sec. 922(h)(1)).

Briefly, the facts are that on January 20, 1971, the appellant went to Maloney's Discount Store in West Liberty, Kentucky and purchased an O. F. Mossberg Model 251C, .22 caliber semi automatic rifle, Serial Number B74882. In consummating the purchase he signed Firearms Transaction Record (Form 4473) which contains a false answer to the question of whether he had been convicted of a felony. Without the answer as given to this question he could not have purchased the gun. It was upon this answer that he was indicted.

The appellant was tried before a jury on November 9 and 10, 1972, found guilty and sentenced to two years imprisonment on each count, the sentences to run concurrently.

The appellant claims that the government did not prove beyond a reasonable doubt that he knowingly made a false statement. This raises a question of the sufficiency of the evidence. It is not in dispute that the appellant purchased the gun, that he had been convicted of the felony alleged, that he signed the Form 4473 and that it contained a "no" answer to the question of whether he had been convicted of a felony.

Form 4473 reads in pertinent part as follows:

"8. Certification of Transferee (Buyer)—an untruthful answer may subject you to criminal prosecution. Each question must be answered with a yes or no.

a. Are you under indictment in any court for a crime punishable by imprisonment for a term exceeding one year? . . . . .

b. Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year? (Note: The actual sentence given by the judge does not matter—a yes answer is necessary if the judge could have given

a sentence of more than one year.)

. . . . .

c. Are you a fugitive from justice?

. . . . .

d. Are you an unlawful user of, or addicted to, marijuana or a depressant, stimulant, or narcotic drug? . . . . .

e. Have you been adjudicated mentally defective or have you ever been committed to a mental institution? . . . . .

f. Have you been discharged from the Armed Forces under dishonorable conditions? . . . . .

g. Are you an alien illegally in the United States? . . . . .

h. Are you a person who, having been a citizen of the United States, has renounced his citizenship? . . . .

I hereby certify that the answers to the above are true and correct. I understand that a person who answers any of the above questions in the affirmative is prohibited by Federal Law from purchasing and/or possessing a firearm. I also understand that the making of any false or misrepresented identification with respect to this transaction is a crime punishable as a felony."

Immediately below the certification is a place for the signature which was admittedly signed by the appellant.

The appellant testified that the only questions which Barbara Fugett, the clerk who sold him the gun, asked him from Form 4473 were his name, height, weight, race, address, birth and place of birth. He testified that she did not read to him or ask him any other questions from Form 4473. Thurston Vance, the son-in-law of the appellant, testified that he only heard the clerk ask the appellant the questions relative to his age, height, weight, etc., and that she did not give him the paper to read or read any other questions to him.

The clerk testified that she remembered the appellant being in the store and selling him the gun. She identified him in the court room. She testified on direct examination that she read all of the questions on the form to the appellant and that she wrote the answers and then gave the form to the appellant for his signature. She specifically testified that she read to the appellant all of the questions in Section eight of the form. On cross examination she testified that she did not specifically remember reading question 8B to the appellant "but if the 'No' is filled in by me and I always read the questions and I always read them word by word."

We conclude that cumulatively there was sufficient evidence from which the jurors could draw a reasonable inference that would satisfy them beyond a reasonable doubt that the appellant subscribed his name to Form 4473 with a full understanding of its contents. It is not the function of our Court on Appeal to weigh the evidence. We consider only whether taking the evidence in its most favorable view to the Government it would permit the jury to find the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; Blalack v. United States, 154 F.2d 591, 594 (C.A.6) cert. den., 329 U.S. 738, 67 S.Ct. 67, 91 L.Ed. 637; United States v. Wolfenbarger, 426 F.2d 992 (C.A.6); United States v. Luxenberg, 374 F.2d 241, 248 (C.A.6); United States v. Squires, 440 F.2d 859 (C.A.2), can be distinguished from the instant case on the basis of the difference in the substance of the Form 4473 used in the two cases.

We find the claim of the appellant that the trial judge should have admitted evidence that the appellant bought the gun for his brother to be without merit. The appellant admittedly bought the gun and signed for it in his own name. The statute provides no exception to the rigid requirement of the qualification of a purchaser based on motive for the purchase. The motive may be considered in mitigation of the punishment but not in defense.

■ Another claim of the appellant is that the trial judge erred in not allowing him to testify that he did not know that Federal law prohibited him from purchasing a firearm. The thrust of the charge against the appellant is that he knowingly made a false statement with reference to his prior conviction of a felony. This goes back to the question of the sufficiency of the evidence. We have held on that claim made by the appellant that there was evidence from which the jury could find that he signed Form 4473 knowing that it contained the false statements.

> "Section 922(a)(6) does not require a showing that appellant 'knowingly' violated the law; it simply requires proof that appellant 'knowingly' made a false statement. The crucial question for the jury was whether appellant understood the facts, not the law." Cody v. United States, 460 F.2d 34, 38 (C.A.8).

No specific intent is required. United States v. Freed, 401 U.S. 601, 607, 91 S. Ct. 1112, 28 L.Ed.2d 356.

■ We do not consider the claim of appellant that the court erred in its instructions to the jury concerning the meaning of the word "knowingly". At the conclusion of the instructions the court asked each counsel if there were any objections to the instruction. Counsel for the defendant answered: "Your Honor, the defendant has no objection." After the jury had deliberated for a while a request was made for a definition of "knowingly". The court reinstructed the jury on this subject and again asked each counsel if there were any objection. Counsel for the defendant replied, "No, Your Honor". Rule 30, of the F.R.Cr.P. provides in part,

> "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

We do not find "Plain Error" in the questioned instruction. Rule 52(b) F. R.Cr.P.

■ Finally, it is contended on behalf of the appellant that the court erred in allowing the Government to impeach the appellant by showing that he had been convicted of a felony between the time of his indictment and trial. The question asked on cross examination is,

> "Are you the same Curtis Cornett that was convicted in the Morgan Circuit Court on February the 23rd of 1972 of the felony crime of malicious shooting for which you were sentenced for a period of two years?"

There is a long line of cases[1] in the Sixth Circuit in which this Court has held that when a defendant takes the witness stand he is in the same position as any other witness and his credibility may be impeached by showing that he has been convicted of a felony. If he denies the conviction, he may be confronted with the record. The only purpose of such testimony is to impeach the credibility of the witness. Whether or not it affects his credibility is a question for the jury.

■ There is some question whether the Sixth Circuit requires the prior felony conviction to involve moral turpitude. Moral turpitude has not been defined by the Court but Larceny by Trick, Second Degree Murder, Prostitution, Forgery and Internal Revenue violations have been considered to involve moral turpitude. We would place "malicious shooting" in the category of moral turpitude. Black's Law Dictionary, Fourth Edition, defines moral turpitude as follows:

> "An act of baseness, vileness, or depravity in the private and social du-

1. McLendon v. United States, 13 F.2d 777, 778; Banning v. United States, 130 F.2d 330, 337; Henderson v. United States, 202 F.2d 400; Smith v. United States, 283 F.2d 16, 21; United States v. Denton, 307 F.2d 336, 339; United States v. Jackson, 344 F. 2d 922, 923, cert. den. 382 U.S. 880, 86 S.Ct. 169, 15 L.Ed.2d 120; United States v. Yarbrough, 352 F.2d 491, 493; United States v. Wade, 364 F.2d 931, 936; United States v. Berriel, 371 F.2d 587; Wilson v. Wiman, 386 F.2d 968, 970; United States v. Mills, 440 F.2d 647, 649; United States v. Kiraly, 445 F.2d 291, 292.

ties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man."

The trial judge properly instructed the jury on the purpose of testimony of former convictions and limited its use to two purposes in this case; one, that a prior conviction was a material fact in the two counts of the indictment and two, that it could be considered as going to the credibility of the witness. In this connection the judge said,

"Ladies and gentlemen, I tell you if you believe the testimony of a witness that he has a prior conviction does not give you a basis for ignoring his testimony. You will give this defendant such credibility for his testimony as you think it deserves, but you are entitled to know of a prior conviction for the purpose of determining his credibility. You will give that prior conviction such weight as you think it is entitled to."

We find no error in connection with the allowance of the question relative to the prior conviction of the defendant for "malicious shooting".

The judgment of conviction is affirmed.