**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ernest Eugene WATKINS,
Defendant-Appellant.**

**No. 76–1144
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Aaron A. Green, Gainesville, Fla. (Court-Apptd.), for defendant-appellant.

Clinton Ashmore, U. S. Atty., Nickolas P. Geeker, Asst. U. S. Atty., Pensacola, Fla., Clifford L. Davis, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judge.

AINSWORTH, Circuit Judge:

Ernest Eugene Watkins was convicted by a jury of three counts of possession of sawed-off shotguns in violation of 26 U.S.C. § 5861(d). His only contention on appeal is that the District Court erred in admitting evidence that he sold a .357 magnum revolver to an undercover agent. Finding this contention to be without merit, we affirm.

Watkins' indictment originally included a count charging him with unlawful posses-sion of the revolver under 18 App. U.S.C. § 1202(a)(1), which proscribes possession of firearms by persons previously convicted of crimes punishable by imprisonment for more than one year. However, this count was dismissed prior to trial. Appellant's claim is that introduction of testimony regarding the transaction involved in the revolver count prejudiced his right to a fair trial on the remaining sawed-off shotgun counts.

Initially, it should be noted that the testimony in question gave no indication that the revolver transaction was illegal. It was given by the undercover agent who ultimately purchased the sawed-off shotguns involved in the indictment in the course of explaining how he initially came in contact with Watkins. *Cf. Nunez v. United States,* 5 Cir., 1967, 370 F.2d 538, 539 (evidence that defendant was riding in a stolen automobile at time of his arrest held admissible because it was inevitably a part of the background facts surrounding the possession of a sawed-off shotgun violation with which he was charged). Moreover, at the time the testimony was given, the trial judge cautioned the jury to consider the evidence regarding the revolver only in its bearing on the defendant's intent in connection with the crimes charged. The evidence was in any event admissible on the issue of predisposition to rebut the entrapment defense that Watkins' counsel raised during his opening argument. *See United States v. Tyson,* 1972, 152 U.S.App.D.C. 233, 470 F.2d 381, 384; *cf. United States v. Fink,* 5 Cir., 1974, 502 F.2d 1, *cert. denied,* 421 U.S. 911, 95 S.Ct. 1562, 43 L.Ed.2d 775 (1975) (reputation testimony); *United States v. Robinson,* 5 Cir., 1971, 446 F.2d 562, *cert. denied,* 404 U.S. 959, 92 S.Ct. 323, 30 L.Ed.2d 277 (same). We discern no abuse of discretion in the present case.

AFFIRMED.