**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Terry Leverne COCHRAN,
Defendant-Appellant.**

No. 75–3825.

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1977.

William O. Marble (Court-appointed), David F. Fleming, Jackson, Miss., for defendant-appellant.

Robert E. Hauberg, U. S. Atty., Daniel E. Lynn, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before COLEMAN, GODBOLD and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Defendant, Terry Leverne Cochran,[1] was convicted on six (6) counts of making false statements with the intent to deceive licensed firearms dealers in the acquisition of firearms in that he represented that he had never been convicted of a felony, whereas, in fact, as he well knew, he had been so convicted in violation of 18 U.S.C.A. §§ 922(a)(6) and 924(a).[2] Defendant contends (1) that the district court erred in allowing his former attorney to testify on the ground that his testimony violated the attorney-client privilege and (2) that the district court erred in allowing government witnesses to testify about the criminal acts on the part of the defendant for which he was not on trial. Since we find no error, we affirm.

The six separate counts of the indictment in this case were based upon six separate instances where the defendant purchased firearms in the Jackson, Mississippi area on October 18, 19 and 29, 1974. In each instance defendant certified on a federal Firearms Transaction Record that he had never been convicted in any court of a

---

1. On November 29, 1972, defendant's petition to change his name to Terry Leverne Lee was granted by the Chancery Court of Madison County, Mississippi.

2. 18 U.S.C.A. § 922(a)(6) provides:
   (a) It shall be unlawful—
   (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness

of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.
   18 U.S.C.A. § 924(a) provides:
   (a) Whoever violates any provision of this chapter or knowingly makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter, or in applying for any license or exemption or relief from disability under the provisions of this chapter, shall be fined not more than $5,000, or imprisoned not more than five years, or both, and shall become eligible for parole as the Board of Parole shall determine.

crime punishable by imprisonment for a term exceeding one year.[3] In fact on April 5, 1965, defendant plead guilty in a Texas state court to a charge of burglary—a crime punishable by imprisonment for a term exceeding one year[4]—and he received a two-year suspended sentence. The defense at the trial of this case was that the defendant did not know or realize that his Texas state conviction was an offense for which the maximum term of imprisonment could have been more than one year and that he did not intend to deceive the firearms dealers about his prior conviction.

The defendant's attorney who represented him on the burglary charge in Texas was the government's first witness in this case. He testified to the fact that defendant had plead guilty to the burglary charge and that he had done so freely and voluntarily. Most importantly, he testified that defendant had been advised by the state court judge that the permissible sentence for the crime.to which he was pleading guilty was a minimum of two years and a maximum of twelve years confinement in the penitentiary.

Defendant asserts that the testimony of his former attorney violated the attorney-client privilege and was, thus, erroneously admitted. However, the attorney *only* testified to matters of public record or to matters which took place in open court. Communications divulged to strangers or outsiders can scarcely be considered confidential communication between attorney and client. *United States v. Gordon-Nikkar,* 518 F.2d 972, 975 (5th Cir. 1975). There is no merit to the contention that the attorney-client privilege was violated.[5]

The defendant also claims that the trial court erred in allowing government witnesses to testify about other criminal acts on the part of the defendant for which he was not on trial. The firearms dealers who testified that they sold certain guns to defendant were asked how defendant paid for the firearms. In each instance he had paid by check and in each instance the check had been returned for lack of funds. Defendant asserts that the admission of this prejudicial evidence of other crimes which were not charged in the indictment is reversible error. We disagree.

The general rule bars the introduction of evidence of other criminal acts of the accused where the relevancy of such evidence depends upon an inference from the other criminal acts to the character of the defendant and thence to the defendant's guilt. *Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). However, while in order to establish the offense in this case, it was not necessary for the government to prove specific intent, *see United States v. Cornett,* 484 F.2d 1365, 1368 (6th Cir. 1973), it was required that the prosecution show that the defendant knowingly made a false statement which was intended or likely to deceive firearms dealers. *See United States v. Williams,* 464 F.2d 927, 931 (8th Cir. 1972). The evidence with regard to other crimes admitted in this case tended to show that defendant was engaged in submitting known false statements (the checks and ATF forms) to the dealers with the requisite intent of deceiving. Thus, the evidence was admissible. *See United States v. Watkins,* 537 F.2d 826 (5th Cir. 1976); *see also United States v. Turner,* 441 F.2d 1161 (4th Cir. 1971).

Since the evidence was relevant to a material fact in issue, it was incumbent upon the trial court to weigh the probative value

3. ATF Form 4473 provides in relevant part: Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year? (Note: The actual sentence given by the judge does not matter—a yes answer is necessary if the judge could have given a sentence of more than one year.)

4. Formerly Art. 1397 Vernon's Texas Penal Code.

5. Although we find no error in the use of the former attorney's testimony, we do not applaud the practice here indulged. The mere appearance of an attorney testifying against a former client, even as to matters of public record, is distasteful and should only be used in rare instances.

of the evidence against its inherent prejudicial effect. *United States v. Crockett,* 514 F.2d 64, 72 (5th Cir. 1975); *United States v. Lawrence,* 480 F.2d 688, 691 (5th Cir. 1973). On these scales the trial court must weigh the need for such probative evidence, *i. e.,* if the prosecution has a strong case without the evidence of other criminal acts, then there is no need for the evidence and it should be excluded. *United States v. Lawrence, supra; Fallen v. United States,* 220 F.2d 946 (5th Cir.), *cert. denied,* 350 U.S. 924, 76 S.Ct. 213, 100 L.Ed. 808 (1955). One other important consideration in this balancing process is whether the other acts are closely connected in time and nature to the offense charged. *United States v. Crockett, supra.* The decision on the admissibility of this kind of evidence is a matter in which the trial court must be allowed a wide range of discretion, but, of course, that discretion is not without limit. *Id.*

In the case at bar it was necessary for the government to prove that defendant gave false information with the general intention of deceiving or likely to deceive the firearms dealers. Defendant claimed that he had no such intent so that the question of defendant's general intent or state of mind at the time that the firearms were purchased was clearly put in issue. The government was allowed to show that *as parts of the same transactions* the defendant gave checks purportedly drawn on a valid account. The *contemporaneous* act of paying for each firearm with a bad check is some indicia of a fraudulent intent and tends to show that defendant was bent upon a program of deceit. In light of the *need* for the evidence in order to prove general intent and the fact that the act was, in each instance, a part of the *same transaction* performed almost simultaneously, we cannot say that the trial court abused its discretion in the admission of the evidence.

We therefore,

AFFIRM.