780 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
LEROY JOHNSTON, Defendant-Appellant.
 85-3031
 United States Court of Appeals, Sixth Circuit.
 11/8/85
 
 AFFIRMED
 N.D.Ohio
 ORDER
 BEFORE: MARTIN, JONES and WELLFORD, Circuit Judges.
 
 
 1
 Counsel for appellant seeks to withdraw as appellant's counsel in this appeal prosecuted from the judgment entered pursuant to the jury verdict that appellant was guilty of violating 18 U.S.C. Sec. 659. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the motion and the record, the panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Counsel advises that appellant would like to advance two issues on appeal. The first issue concerns the appellant's failure to testify on his own behalf. Appellant's decision to refrain from taking the stand was apparently based in part on the trial court's decision to partially deny appellant's pretrial motion in limine, pursuant to Rule 609, Federal Rules of Evidence, concerning appellant's prior convictions.
 
 
 3
 Appellant had been previously convicted on felony charges of issuing fraudulent checks and a misdemeanor charge of using an automobile without the owner's consent. The district court determined that only the fraudulent check conviction could properly be utilized by the prosecution for impeachment purposes. These convictions are of the type within the purview of Rule 609, Federal Rules of Evidence. See, e.g., United States v. Wade, 364 F.2d 931 (6th Cir. 1966); United States v. Cornett, 484 F.2d 1365 (6th Cir. 1973). Furthermore, a defendant who seeks review of the denial of a motion in limine must testify before this Court will review the motion for reversible error. United States v. Luce, ---- U.S. ----, 105 S.Ct. 19, 83 L.Ed.2d 19 (1984).
 
 
 4
 The second issue appellant seeks to advance concerns the trial court's refusal to answer a question tendered to the court by the jury during deliberation regarding appellant's professional capacity. The trial court afforded appellant and counsel an opportunity to formulate an appropriate response to the question and declined to answer the questions at appellant's request. Such a trial tactic presents no issue for review.
 
 
 5
 This panel has reviewed the record and the transcripts of the proceedings before the district court and concludes that there are no other cognizable issues that warrant further appellate review. Furthermore, we are satisfied that there was more than sufficient evidence to sustain the conviction.
 
 
 6
 For the foregoing reasons, it is ORDERED that the motion to withdraw be and hereby is granted and the district court's judgment is hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.