UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael HAWKINS,
Defendant-Appellant.

No. 85–5951.

United States Court of Appeals,
Eleventh Circuit.

July 21, 1986.
Rehearing and Rehearing En Banc
Denied Sept. 8, 1986.

Hilliard Moldof, Channing E. Brackey, Ft. Lauderdale, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Robert Lipman, Nancy L. Worthington, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before VANCE and ANDERSON, Circuit Judges, and PITTMAN *, Senior District Judge.

CORRECTED OPINION

PER CURIAM:

Hawkins purchased approximately eighty-seven handguns in the state of New

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

York between 1979 and 1980. At Hawkins' request, the guns were shipped by a New York dealer to a federally-licensed firearms dealer in Miami, Florida in various shipments. On four separate days, Hawkins personally picked up the guns in Miami and filled out a separate form—a Form ATF F 4473 entitled "Firearms Transaction Record"—with respect to each gun. On each form, Hawkins represented that he was the "transferee" (buyer) and that his "residence address" was in Stuart, Florida.

Hawkins was convicted on counts 51–87 of a 174-count indictment. These counts charged Hawkins with making false statements material to the lawfulness of the sale of firearms, in violation of 18 U.S.C. § 922(a)(6).[1] Specifically, these counts charged that Hawkins had falsely stated on the transaction records that his residence address was in Florida, when in fact it was not. Hawkins was also convicted on counts 138–174 of making false statements with respect to information required by law to be kept in the records of a federally-licensed firearms dealer, in violation of 18 U.S.C. § 924(a).[2] Specifically, those counts charged that Hawkins falsely stated on the transaction records that his residence address was at 3144 Ellendale Street, Stuart, Florida, when in fact it was not. Hawkins' convictions on counts 51–87 were based on the same firearms transaction forms as were his convictions on counts 138–174. In other words, Hawkins was convicted of two separate crimes for false statements he made on each of thirty-seven forms. Hawkins now appeals. We affirm.

■■■■ Hawkins contends on appeal that he was improperly prosecuted with respect to each firearms transaction form that he filled out. Hawkins asserts that his liability should be limited to one violation for each of the four days on which he picked up guns in Miami. We reject this assertion. Because successive acts, no matter how close in time, constitute separate offenses, *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), each firearms transaction form was a proper unit of prosecution. *See United States v. Solomon*, 726 F.2d 677, 679 (11th Cir. 1984); *accord United States v. Williams*, 685 F.2d 319, 321 (9th Cir.1982) (defendant correctly indicted on seven counts after having made false statements on seven forms that he filled out for seven guns bought on five separate occasions).

■■■ Hawkins also argues on appeal that it violates double jeopardy to convict him of two offenses, i.e., both 18 U.S.C. § 922(a)(6) and 18 U.S.C. § 924(a), for filling out a single form. This contention is without merit. Section 922(a)(6) and § 924(a) each require proof of an element which the other does not. Thus, the double jeopardy clause has not been abridged. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

18 U.S.C. § 922(a)(6) requires that the government prove that the defendant made a false statement material to the lawful-

---

1. 18 U.S.C. § 922(a)(6) provides:
§ 922. Unlawful acts
(a) It shall be unlawful—

⋅ ⋅ ⋅ ⋅ ⋅

(6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

2. 18 U.S.C. § 924(a) provides:
§ 924. Penalties
(a) Whoever violates any provision of this chapter or knowingly makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter, or in applying for any license or exemption or relief from disability under the provisions of this chapter, shall be fined not more than $5,000, or imprisoned not more than five years, or both, and shall become eligible for parole as the Board of Parole shall determine.

ness of the sale of firearms. In this case, Hawkins' representation that he was a resident of Florida satisfied this element. *See* 18 U.S.C. § 922(b)(3) (making unlawful a licensed dealer's sale of a firearm to a person that dealer knows to be a nonresident of the state in which the dealer is located). Section 924(a) does not require the government to prove this element.

18 U.S.C. § 924(a) requires that the government prove that the defendant made a false statement related to information required by law to be kept in the records of a federally-licensed firearms dealer. Since this information need not necessarily be material to the lawfulness of the sale, § 922(a)(6) does not require proof of this element. Thus, Hawkins' separate convictions for violations of §§ 922(a)(6) and 924(a) each required proof of an element that the other did not and, hence, are not unconstitutional.

■ Hawkins also contends on appeal that the trial judge erroneously failed to instruct the jury that the government was required to prove that Hawkins acted with specific intent to violate the law. In *United States v. Cornett*, 484 F.2d 1365, 1368 (6th Cir.1973), the Sixth Circuit held that 18 U.S.C. §§ 922(a)(6) and 924(a) did not require proof of specific intent. *Cornett* was approved in dicta by the former Fifth Circuit in *United States v. Cochran*, 546 F.2d 27, 29 (5th Cir.1977). We agree with the *Cornett* case that specific intent is not required by §§ 922(a)(6) and 924(a). Thus, we reject Hawkins' argument on this issue.

■ Hawkins further asserts that the trial judge erred in instructing the jury that the term "residence" means the state in which a person has a regular home or a regular place of abode. This claim is without merit since the trial court's definition of residence was properly derived from 27 C.F.R. § 1178.11 which defines this term as "[t]he State in which an individual regularly resides, or maintains his home...."

Hawkins' other contentions on appeal are without merit and warrant no discussion.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.