842 F.2d 1293
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Zisha WAJCMAN, Defendant-Appellant.
 No. 87-5576.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 12, 1988.
Decided March 7, 1988.
 
 Peter D. Eliades; Eliades & Eliades, on brief, for appellant.
 Henry E. Hudson, United States Attorney; N.G. Metcalf, Assistant United States Attorney; Virginia A. Adkins; Bonnie L. Anderson, Student Assistants to the United States Attorney, on brief, for appellee.
 Before ERVIN and CHAPMAN, Circuit Judges, and BULLOCK, United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant Zisha Wajcman, a New York resident, traveled to Virginia in August 1986 and January 1987. On both occasions, he purchased a number of guns from several gun dealers by falsely identifying himself as a Virginia resident. On April 21, 1987, he was convicted on four counts of making false statements intended to deceive a licensed firearms dealer in violation of 18 U.S.C. Sec. 922(a)(6). We affirm.
 
 
 2
 On August 29, 1986, Wajcman purchased six handguns from Southern Gun World in Chesterfield County, Virginia. He presented a Virginia driver's license listing his name and address as Thomas Whiteman, 1847 West Grace Street, Richmond, Virginia. Betty Furniss, the store manager, used the information to fill out Federal Form 4473, which Wajcman then signed. The same day, he bought five handguns from Virginia Police Equipment Company, also in Chesterfield County. There, he gave the same information to Hildie Weiss, which was used to fill out the same federal form.
 
 
 3
 On January 16, 1987, Wajcman returned to Southern Gun World and attempted to cash a check for $750.00. Furniss refused to cash it because it was made out to someone other than Thomas Whiteman. The next day, Wajcman purchased three handguns from Bob Moats Sportshop in Chesterfield County. He used a different Virginia driver's license identifying him as Thomas Grover Whalen, 710 North Washington Street, Alexandria, Virginia, to fill out form 4473. On January 18, Wajcman returned to Virginia Police Equipment Company and purchased ten handguns from Weiss. To make this purchase, he used the Whalen license with its Alexandria address.
 
 
 4
 Finally, on January 19, Wajcman made a third visit to Southern Gun World and unsuccessfully attempted to cash the $750.00 check again. Virginia State Trooper Larry Thompson observed this event and had a license check run on Wajcman's car after he left. Later that morning, Trooper Thompson saw Wajcman again at the area office of the state police where he was trying to acquire a second form of identification. After following him to the parking lot, Thompson asked for his license. Wajcman did not produce one, but identified himself as Thomas Whalen. Further investigation and a search of his car yielded thirteen firearms, a variety of papers and identification, and several yellow pages torn from a telephone directory which contained ads for firearms dealers. Wajcman was indicted on four counts for making false statements intended to deceive a licensed firearms dealer.
 
 
 5
 At trial, the government presented evidence of these events. In addition, John Brayley, owner and supervisor of a small apartment complex at 1847 Grace Street, Richmond, testified that he had never leased an apartment to a Thomas Whiteman and had never seen Wajcman. Employees of the Immigration and Naturalization Service and the Department of Health and Human Services testified that their records indicated that Wajcman lived in Brooklyn, New York, for purposes of his immigration status and disability benefits. Finally, Bob Patel, owner of the Royal Inn Motel in Chesterfield, testified that Wajcman, using the name Thomas Whiteman, was a registered guest on August 26-29, 1986, and January 14-18, 1987. He also stated that Wajcman gave his address as 3094 Brighton 5th Street, Brooklyn, New York. Wajcman presented no evidence.
 
 
 6
 On appeal, Wajcman argues that the government failed to prove that the Alexandria address he used for the two January purchases was false. The government counters that residency, not address, is the material fact, and that the evidence of a New York residence was sufficient to show a false statement. Wajcman also asserts two evidentiary errors.
 
 
 7
 In reviewing the sufficiency of the evidence, we look to "whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982) (emphasis in original). We consider both circumstantial and direct evidence in this review. Id.
 
 
 8
 18 U.S.C. Sec. 922(a)(6)[1] prohibits buyers from making false statements that are material to the lawfulness of a firearm purchase. The material fact involved in this case is the residency of Wajcman, not his address. See United States v. Benton, 329 F.Supp. 331, 332 (D.N.H.1971); see also, United States v. Behenna, 552 F.2d 573, 575-76 (4th Cir.1977) (proof of statement of false address does not satisfy indictment charging statement of false residency). Residence means the state in which a person has a regular home or place of abode. United States v. Hawkins, 794 F.2d 589 (11th Cir.1986).
 
 
 9
 In this case, the government did not show that the Alexandria address was false. It did show that Wajcman was not a Virginia resident by introducing evidence showing that he was a New York resident. This included his address as listed with the Immigration and Naturalization Service, the address where his social security disability payments were sent, the address he used in registering at the Royal Inn Motel in January 1987, and the address on various items found in his car. The government also proved that the Richmond address he used in the two August purchases was false, which strengthens the inference that he was not a Virginia resident. Finally, there is nothing in the record that tends to show Virginia residency. This evidence is sufficient for a rational trier of fact to find beyond a reasonable doubt that Wajcman was not a Virginia resident in January 1987.
 
 
 10
 Wajcman asserts evidentiary errors in the admission of the "yellow pages" ads found in the trunk of his car and testimony that the guns he bought were not hunting weapons. Although the relevance of this evidence is limited, at best, so is the prejudice. Any error regarding it is harmless.
 
 
 11
 The evidence is sufficient to show that Wajcman falsely stated his residency by using a Virginia driver's license with an Alexandria address. Therefore, his conviction under 18 U.S.C. Sec. 922(a)(6) is
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Sec. 922 Unlawful acts
 (a) It shall be unlawful--
 * * *
 (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter;