**UNITED STATES of America**

v.

**Jimmy Dewayne WILLIAMS, a/k/a "Way Out," Lafrancier Angel Clark and Armelia Roshell Williams.**

Crim. A. No. 93–50102.

United States District Court,
W.D. Louisiana,
Shreveport Division.

May 18, 1994.

Robert W. Gillespie, Jr., Asst. U.S. Atty., W.D. La., Shreveport, LA, for government.

Gordon N. Blackman, Jr., Shreveport, LA, for defendant Amelia R. Williams.

Richard C. Goorley, Shreveport, LA, for defendant Angel Clark.

## MEMORANDUM RULING

WALTER, District Judge.

Presently before this court is defendants' Motion to Acquit under Rule 29. For the following reasons, defendants' motion is GRANTED.

### FACTS

Defendants, Lafrancier Clark and Armelia Williams, were charged, together with Jimmy Williams in a four count indictment, with conspiracy to make a false written statement to a licensed firearms dealer in connection with the purchase of a firearm, in violation of 18 U.S.C. § 371, and three counts of making a false written statement to a firearms dealer in connection with the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6). Jimmy Williams pleaded guilty to the charges against him, and the other defendants proceeded to trial. Ms. Clark was convicted of the conspiracy count and two of the substantive counts. Ms. Williams was convicted of the conspiracy count and one substantive count.

The evidence established that Jimmy Williams was the brother of Armelia Williams and the boyfriend of Lafrancier Clark. On August 12, 1993, Mr. Williams asked Clark to purchase a .9 mm handgun for him. Williams told Clark that he could not find his Louisiana driver's license and was therefore unable to purchase the weapons himself. He provided her with the purchase money and accompanied her to National Jewelry, where Ms. Clark purchased the gun for Mr. Williams. The next day, on August 13, 1993, Williams again approached Clark, this time requesting that she purchase two handguns for him. He again provided her with money to purchase the guns, and she bought two .380 model handguns for him. At the time of these transactions, Ms. Clark was required to sign a form provided by the Bureau of Alcohol, Tobacco, and Firearms ("ATF Form 4473"), in connection with the sale. In the space on the form labeled "Transferee's (Buyer's) Signature," Ms. Clark signed her own name. After she had purchased the two guns, Jimmy Williams told

Ms. Clark that he had gotten the purchase money from his "homeboy," whereupon she refused to purchase any further weapons for him.[1]

On August 16, 1993, Williams approached his sister, Armelia, to purchase another handgun for him. Both Armelia Williams and Jimmy Williams testified that Armelia had previously pawned a .9 mm handgun for her brother. On August 16, 1993, he requested that she retrieve the gun from the pawnshop. However, the gun had already been sold. It was at this point that Williams asked his sister to buy another .9 mm gun for him to replace the one that had been pawned. She agreed to do so and bought one .9 mm handgun for Williams with the money he provided to her. Armelia Williams signed her own name on ATF Form 4473 in the space provided for "Transferee's (Buyer's) Signature."

After obtaining these guns from Armelia Williams and Lafrancier Clark, Jimmy Williams delivered them to non-Louisiana residents (who had provided the cash for the purchase) but who would not have been able to purchase the guns for themselves. However, there was absolutely no evidence at trial that either Lafrancier Clark or Armelia Williams was aware of the source of the money or the ultimate destination of the handguns prior to the purchase. Jimmy Williams testified at trial that he did not tell either of the defendants where he obtained the money to purchase the weapons or the reason he wanted the weapons.

### LAW

Defendants make two arguments in support of their request for acquittal: 1) the evidence was legally insufficient to convict them; and 2) 18 U.S.C. § 922(a)(6) is unconstitutionally vague and overbroad as applied in this case. Because this court finds that the evidence was legally insufficient to support a conviction, it does not reach the second argument.

■ Section 922(a)(6) of Title 18 of the United States Code states that it shall be unlawful:

---

1. Volume II of transcript of trial, p. 9.

for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or any other disposition of such firearm or ammunition under the provisions of this chapter.

In order to convict a defendant of a crime, the government must prove beyond a reasonable doubt that the defendant committed each element of that crime. *United States v. Correa–Ventura*, 6 F.3d 1070, 1077 (5th Cir. 1993); *United States v. Hegwood*, 977 F.2d 492, 497 (9th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2348, 124 L.Ed.2d 257 (1993). Therefore, in order to convict for a violation of 18 U.S.C. § 922(a)(6), the government must establish that: 1) the defendant made a false written statement while purchasing the firearm; 2) she did so knowingly; and 3) the statement was intended or likely to deceive the dealer with respect to any fact material to the lawfulness of the sale.

## A. FALSE STATEMENT.

■ The government successfully argued that each defendant made a false statement when she signed her own name as the buyer of the weapons on ATF Form 4473. According to the government, the true purchaser of the firearms in question was Jimmy Williams. Defendants did not dispute that Jimmy Williams provided them with money to purchase the weapons. Williams also selected the weapons and took possession of them immediately after the purchases.

The government argues that *United States v. Ortiz–Loya*, 777 F.2d 973 (5th Cir.1985) is controlling on the issue of whether defendants made a false statement. In that case, Ortiz–Loya, a resident alien, was the "true purchaser" of the firearms in question. He had left his Texas driver's license in Mexico, and procured two Texas residents to purchase firearms for him in their own names. Ortiz–Loya was arrested when he attempted to take the firearms into Mexico without a license. He testified that he *informed* his codefendants of his plans to export the weapons to Mexico. The court concluded that,

> [N]either defendant denies signing the ATF form as the purchaser when, in fact, Ortiz–Loya was the true purchaser of the weapons. Such misstatements were clearly misrepresentations of material facts.

*Ortiz–Loya*, 777 F.2d at 979. *See also United States v. Anaya*, 615 F.Supp. 823, 825 (N.D.Ill.1985). Because *Ortiz–Loya* is controlling precedent in this district, this court respectfully defers to it and finds that the defendants made false statements when they signed their names to ATF Form 4473.

## B. REQUIREMENT THAT FALSE STATEMENT BE MADE KNOWINGLY.

■ Although the defendants made false statements by signing their names to ATF Form 4473, this court finds that they did not do so knowingly. In the Fifth Circuit pattern jury instruction, "knowingly" is an act done "voluntarily and intentionally, not because of mistake or accident." While specific intent is not a required element of the crime of making a false statement to a firearms dealer, the defendant must have knowingly made a false statement. *United States v. Cochran*, 546 F.2d 27, 29 (5th Cir.1977). That means that Armelia Williams and Lafrancier Clark must have each known that she was making a false statement when she signed her own name as purchaser on ATF Form 4473.

The government did establish that the defendants purchased the weapons for Jimmy Williams, Jr. The government asserts that each defendant lied when she signed her own name as the buyer of the weapon when she knew that Jimmy Williams was the "true buyer." Defendants maintain that this interpretation too narrowly construes the meaning of the word "buyer." In support of this argument, defense counsel elicited from witnesses who worked at the pawn shops involved, that the word "buyer" meant "someone who buys" or "someone who gives money in exchange for something else." According to the defendants, the person who transacts

the sale is the buyer, whether or not she purchases for someone else and with someone else's money.

This court agrees. The government seeks to insert the word "true" in front of "buyer." As stated in *United States v. Isaacs,* 539 F.2d 686 (9th Cir.1976),

> If a word has two meanings and if the answer to a question is literally true under one meaning of a word, the answer cannot be said to be false because, by some process of interpretation, including the determination of congressional purpose, a second meaning might be given to the word.

*Isaacs,* 539 F.2d at 688. ATF Form 4473, the form signed by each defendant, requests that the person transacting to purchase the firearm sign his or her name. Nowhere on the form is there a warning, "Do not sign your own name if you are purchasing this gun for someone else." [2]

In an attempt to show that each defendant knowingly made a false statement, the government relied heavily on printed information on the reverse side of ATF Form 4473, which contained certain warnings, some of which were addressed to the transferee, the transferor, and both the transferee and transferor.[3] One of the warnings addressed to the transferee and the transferor stated:

> The sale or delivery of a firearm by a licensee to an eligible purchaser who is acting as an agent, intermediary or 'straw purchaser' for someone whom the licensee knows or has reasonable cause to believe is ineligible to purchase the firearm directly, may result in a violation of the Federal firearms laws.[4]

The notices addressed only to the transferee contain no such warning. According to the government, this warning should have placed the defendants on notice that they were doing something illegal.

Integral to the government's argument is the conclusion that the defendants knew or had reasonable cause to believe that Jimmy Williams was himself ineligible to purchase the weapons. The government maintains that Williams was ineligible to purchase the firearms because he had misplaced his Louisiana driver's license. There was a dispute at trial regarding the exact definition of "ineligibility."

The defense argued that the characterization of a purchaser as "ineligible" contemplated his membership in one of the prohibited categories of purchasers. ATF Form 4473 contains a number of questions relating to the "eligibility" of the purchaser.[5] Defendants asserted that if a person truthfully answers "yes" to any of the questions on the front of ATF Form 4473, he is "ineligible" to purchase a firearm. The government argued, however, that a person was "ineligible" to purchase a firearm if for any reason he was unable to complete the transaction. Under the government's theory, Jimmy Williams was ineligible to purchase the weap-

---

2. The Court, questioning counsel for the government on this issue, proposed the following hypothetical:

> Suppose my 13 year old son (ineligible to purchase a shotgun) mowed yards all summer long in order for me to take him hunting. If I used his money and purchased it in my name: An impeachable offense?

3. A copy of ATF Form 4473 is attached to this opinion as an appendix. The court notes the large amount of important information, including information about violations of federal firearms laws, which is printed in smaller type than the rest of the form.

4. The type size used in the opinion is comparable to that used on the actual ATF Form signed by each defendant.

5. Specifically, the form asks the following questions:

a. Are you under indictment or information in any court for a crime punishable by imprisonment for a term exceeding one year?

b. Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year?

c. Are you a fugitive from justice?

d. Are you an unlawful user of, or addicted to, marijuana, or any depressant, stimulant, or narcotic drug, or any other controlled substance?

e. Have you ever been adjudicated mentally defective or have you ever been committed to a mental institution?

f. Have you been discharged from the Armed Forces under dishonorable conditions?

g. Are you an alien illegally in the United States?

h. Are you a person, who, having been a citizen of the United States, has renounced his/her citizenship?

ons for himself because he was not in possession of his Louisiana driver's license.

18 U.S.C. § 922(a)(6) itself does not mention that the "true purchaser" of the firearm must be eligible to purchase it. Rather, the statute is aimed at the prohibition of deception with respect to the legality of the sale. Federal law also precludes aliens, felons, and others from purchasing weapons. Firearms purchases by such individuals are examples of how a sale of a firearm might be illegal. When a person deceives a federally licensed firearms dealer by purchasing a weapon for someone in one of these prohibited categories, 18 U.S.C. § 922(a)(6) is clearly applicable. The questions on the front of ATF Form 4473 are designed to prevent people in these prohibited categories from purchasing weapons. In this court's opinion, these questions, in conjunction with the warning on the reverse side of ATF Form 4473, are sufficient to notify someone that it is illegal to purchase a weapon for a person who would himself answer "yes" to any of these questions.

Separate from those prohibitions is the requirement that the purchaser of a handgun in Louisiana be a Louisiana resident and over the age of twenty-one. The reverse side of ATF Form 4473, under the heading "Know Your Customer," suggests to the dealer that he require that the purchaser of a handgun present a valid Louisiana driver's license *or other identification* issued by the state. However, the government introduced no evidence that a valid Louisiana driver's license was a federal statutory prerequisite to the purchase of a firearm. Presumably, a firearms dealer could accept any method of proof of compliance with the age and residency requirements, although requiring a Louisiana driver's license is certainly more convenient.

Both Armelia Williams and Lafrancier Clark truthfully answered all the questions on the front of ATF Form 4473 in the negative. The evidence adduced at trial indicated that, at the time of the purchases, Jimmy Williams could also have answered "no" to the questions. It was also undisputed that Jimmy Williams was neither a non-resident of Louisiana nor under twenty-one years of age. However, he had misplaced his driver's license. According to defense counsel, the absence of Mr. Williams' driver's license merely removed the method by which he could prove the residency and age requirements. This court agrees. ATF Form 4473 in no way indicated that the purchaser of the weapon had to disclose that she was buying the weapon for someone who was eligible to buy the weapon in the sense that he had the proper identification to do so. While the form would alert someone purchasing for an illegal alien or convicted felon, the form was insufficient to alert defendants in this case.

Nowhere does the form state, "You are not the true purchaser if you are buying this gun with someone else's money." Rather, the form asks a series of questions regarding "eligibility," and then warns the purchaser that it is a violation of federal law to purchase a handgun for someone who is "ineligible." Glaringly missing from the form is a statement that a Louisiana resident who has misplaced his Louisiana driver's license is "ineligible." In fact, the only reference to a valid driver's license is on the reverse side of ATF Form 4473, and that is only in connection with informing the seller how to obtain proper identification.

This court agrees that an out-of-state resident may not purchase a firearm. However, a Louisiana driver's license merely serves to evidence the age and residency requirements. The method of proof of compliance with these requirements should not matter. It is the policy of disallowing non-residents and minors to purchase weapons that is furthered by the requirement of a driver's license. Jimmy Williams was neither a non-resident of Louisiana nor under twenty-one. The ATF forms signed by defendants did not make them aware that what they were doing was illegal. While ignorance of the law is surely no defense to violation of it, the law must be clear. When the government shoulders the burden of informing purchasers of federal firearms law through a mandatory ATF form, it is not too much to ask that such form accurately reflect the law. Vague references to "potential violations of firearms laws" and "straw purchasers" are simply insufficient to notify an individual that she can

not purchase a weapon for someone else who is in all ways qualified to purchase the weapon himself except for the fact that he has lost his valid Louisiana driver's license. If the legislature intended to criminalize the acts committed by these defendants, then ATF Form 4473 should boldly state that someone can not purchase a gun for another person if that person would answer "yes" to any of the questions on the front of the form or if that person does not possess valid Louisiana identification. Absent such clarity, this court will not uphold a conviction under these facts.

The court finds that there was insufficient evidence for a rational trier of fact to conclude that each defendant knowingly made a false statement when she signed her own name to ATF Form 4473.

■ The court also concludes that the evidence was insufficient to establish that defendants committed conspiracy in violation of 18 U.S.C. § 371. To establish the existence of a conspiracy, the government must show that two or more persons made an agreement to commit the crime of making a false statement to a firearms dealer, and that each defendant knew the unlawful purpose of the agreement and joined in it willfully. Fifth Circuit Pattern Jury Instructions for Criminal Cases, 1990 ed., § 2.21. Because the court finds that the defendants did not knowingly make false statements, it also finds that the defendants did not agree to commit the crime of making false statements. Accordingly, the jury verdict is **VACATED,** and the defendants are **ACQUITTED.** An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED.**

### *JUDGMENT*

For the reasons assigned in the foregoing Memorandum Ruling, **IT IS ORDERED, ADJUDGED, AND DECREED** that the jury verdict of guilty in this case **BE SET ASIDE** and that the defendants are **AC-QUITTED**.

**THUS DONE AND SIGNED.**

APPENDIX

Form Approved: OMB No. 1512-0129

| DEPARTMENT OF THE TREASURY – ¡REAU OF ALCOHOL, TOBACCO, AND FIREARI<br>**FIREARMS TRANSACTION RECORD**<br>**PART I — OVER-THE-COUNTER** | TRANSFEROR'S TRANSACTION<br>SERIAL NUMBER |
|---|---|

NOTE: Prepare in original only. All entries on this form must be in ink. See Notices and Instructions on back

**SECTION A — MUST BE COMPLETED PERSONALLY BY TRANSFEREE** *(BUYER) (See Notices and Instructions on reverse)*

| 1. TRANSFEREE'S *(Buyer's)* NAME *(Last, First, Middle)* | ☐ MALE<br>☐ FEMALE | 2. HEIGHT | 3. WEIGHT | 4. RACE |
|---|---|---|---|---|

| 5. RESIDENCE ADDRESS *(No., Street, City, County, State, ZIP Code)* | 6 DATE OF BIRTH<br>MONTH DAY YEAR | 7. PLACE OF BIRTH *(City and State or City and Foreign Country)* |
|---|---|---|

8. CERTIFICATION OF TRANSFEREE *(Buyer)*—An untruthful answer may subject you to criminal prosecution. Each question must be answered with a "yes" or a "no" inserted in the box at the right of the question:

| | |
|---|---|
| a. Are you under indictment or information* in any court for a crime punishable by imprisonment for a term exceeding one year? *A formal accusation of a crime made by a prosecuting attorney, as distinguished from an indictment presented by a grand jury.* | c. Are you a fugitive from justice? |
| | d. Are you an unlawful user of, or addicted to, marijuana, or any depressant, stimulant, or narcotic drug, or any other controlled substance? |
| b. Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year? (NOTE: A "yes" answer is necessary if the judge could have given a sentence of more than one year. A "yes" answer is *not* required if you have been pardoned for the crime or the conviction has been expunged or set aside, or you have had your civil rights restored and, under the law where the conviction occurred, you are not prohibited from receiving or possessing any firearm). | e. Have you ever been adjudicated mentally defective or have you ever been committed to a mental institution? |
| | f. Have you been discharged from the Armed Forces under dishonorable conditions? |
| | g. Are you an alien illegally in the United States? |
| | h. Are you a person who, having been a citizen of the United States, has renounced his/her citizenship. |

I hereby certify that the answers to the above are true and correct. I understand that a person who answers "Yes" to any of the above questions is prohibited from purchasing and/or possessing a firearm, except as otherwise provided by Federal law. I also understand that the making of any false oral or written statement or the exhibiting of any false or misrepresented identification with respect to this transaction is a crime punishable as a felony.

| TRANSFEREE'S *(Buyer's)* SIGNATURE — EXECUTE AT TIME OF ACTUAL TRANSFER OF FIREARM(S) | DATE |
|---|---|

**SECTION B — TO BE COMPLETED BY TRANSFEROR (SELLER)** *(See Notices and Instructions on reverse)*

THIS PERSON DESCRIBED IN SECTION A: ☐ IS KNOWN TO ME
☐ HAS IDENTIFIED HIMSELF/HERSELF TO ME IN THE FOLLOWING MANNER

| 9. TYPE OF IDENTIFICATION *(Driver's license or identification which shows name, date of birth, place of residence, and signature.)* | 10. NUMBER ON IDENTIFICATION |
|---|---|

On the basis of (1) the statements in Section A; (2) the verification of identity noted in Section B; and (3) the information in the current list of Published Ordinances, it is my belief that it is not unlawful for me to sell, deliver, transport, or otherwise dispose of the firearm(s) described below and on the back to the person identified in Section A.

| 11.<br>TYPE *(Pistol, Revolver, Rifle, Shotgun, etc.)* | 12.<br>MODEL | 13<br>CALIBER OR GAUGE | 14.<br>SERIAL NO. | 15<br>MANUFACTURER *(and importer, if any)* |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |

| 16. TRADE/CORPORATE NAME AND ADDRESS OF TRANSFEROR *(Seller)*<br>*(Hand stamp may be used)* | 17. FEDERAL FIREARMS LICENSE NO.<br>*(Hand stamp may be used)* |
|---|---|

**THE PERSON MAKING THE ACTUAL FIREARMS SALE MUST COMPLETE ITEMS 18 THROUGH 20**

| 18. TRANSFEROR'S *(Seller's)* SIGNATURE — EXECUTE AT TIME OF ACTUAL TRANSFER OF FIREARM(S) | 19. TRANSFEROR'S TITLE | 20. TRANSACTION DATE |
|---|---|---|

ATF F 4473 (5300 9) PART I (4 91)

| 11.<br>TYPE .*Pistol, Revolver, Rifle, Shotgun, etc.)* | 12.<br>MODEL | 13.<br>CALIBER OR GAUGE | 14.<br>SERIAL NO. | 15.<br>MANUFACTURER *(and importer, if any)* |
|---|---|---|---|---|
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| Complete ATF F 3310.4 for multiple purchases of handguns (See item 10 below) | | | | |

**PAPERWORK REDUCTION ACT NOTICE.** The information required on this form is in accordance with the Paperwork Reduction Act of 1980. The purpose of the information is to determine the eligibility of the buyer (transferee) to receive firearms under Federal Law. The information is subject to inspection by ATF officers. The information on this form is required by 18 U.S.C. 922.

The estimated average burden associated with this collection is .4 hours per respondent or recordkeeper, depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to Reports Management Officer, Information Programs Branch, Bureau of Alcohol, Tobacco and Firearms, Washington, D.C., 20226, and the Office of Management and Budget, Paperwork Reduction Project (1512-0129), Washington, D.C., 20503.

### IMPORTANT NOTICES TO TRANSFEROR (SELLER) AND TRANSFEREE (BUYER)

1. Under 18 U.S.C. 921-929 firearms may not be sold to or received by certain persons. The information and certification on this form are designed so that a person licensed under 18 U.S.C. 921-929 may determine if he may lawfully sell or deliver a firearm to the person identified in Section A, and to alert the transferee (buyer) of certain restrictions on the receipt and possession of firearms. This form should not be used for sales or transfers where neither person is licensed under 18 U.S.C. 921-929.

2. WARNING—The sale or delivery of a firearm by a licensee to an eligible purchaser who is acting as an agent, intermediary or 'straw purchaser' for someone whom the licensee knows or has reasonable cause to believe is ineligible to purchase a firearm directly, may result in a violation of the Federal firearms laws.

3. The transferee (buyer) of a firearm should be familiar with the provisions of law. Generally, 18 U.S.C. 921-929 prohibit the shipment, transportation, receipt, or possession in or affecting interstate commerce of a firearm by one who is under indictment or information for, or who has been convicted of, a crime punishable by imprisonment for a term exceeding one year, by one who is a fugitive from justice, by one who is an unlawful user of, or addicted to, marihuana, or any depressant, stimulant, or narcotic drug, or any other controlled substance, by one who has been adjudicated mentally defective or has been committed to a mental institution, by one who has been discharged from the Armed Forces under dishonorable conditions, by one who, having been a citizen of the United States, has renounced his citizenship, or by one who is an alien illegally in the United States.

EXCEPTION: For one who has been convicted of a crime punishable by imprisonment for a term exceeding one year, the prohibition does not apply *if that individual has received a pardon for the crime or the conviction has been expunged or set aside or under the law where the conviction occurred that individual has had his/her civil rights restored and as a result of the civil rights restoration is not prohibited from receiving or possessing firearms.*

KNOW YOUR CUSTOMER—Before a licensee may sell or deliver a firearm to a nonlicensee, the licensee must establish the identity, place of residence, and age of the buyer. Satisfactory identification should verify the buyer's name, date of birth, address, and signature. Thus, a driver's license or identification card issued by a State in place of a license is particularly appropriate. Social Security cards are not acceptable because no address or date of birth is shown on the card. Also, alien registration receipt cards and military identification cards are not acceptable by themselves because the State of residence is not shown on the cards. However, although a particular document may not be sufficient to meet the statutory requirement for identifying the buyer, any combination of documents which together disclose the required information concerning the buyer is acceptable.

### INSTRUCTIONS TO TRANSFEREE (BUYER)

4. The buyer (transferee) of a firearm will, in every instance, personally complete Section A of the form and certify (sign) that the answers are true and correct. However, if the buyer is unable to read and/or write, the answers may be written by other persons, excluding the dealer. Two persons (other than the dealer) will then sign as witnesses to the buyer's answers and signature.

5. When the transferee (buyer) of a firearm is a corporation, company, association, partnership or other such business entity, an officer authorized to act on behalf of the business will complete and sign Section A of the form and attach a written statement, executed under penalties of perjury, stating (a) that the firearm is being acquired for the use of and will be the property of that business entity, and (b) the name and address of that business entity.

### INSTRUCTIONS TO TRANSFEROR (SELLER)

6. Should the buyer's name be illegible the seller shall print the buyer's name above the name printed by the buyer.

7. The transferor (seller) of a firearm will, in every instance, complete Section B of the form.

8. Additional firearms purchases made by the same buyer may not be added to this form after the seller has signed and dated it.

9. If more than six firearms are involved, the identification required by Section B, Items 11 through 15, must be provided for each firearm. The identification of the firearms transferred in a transaction which covers more than six weapons may be on a separate sheet of paper which must be attached to the form covering the transaction.

10. In addition to completing this record, you must report any multiple sale or other disposition of pistols or revolvers on ATF F 3310.4 in accordance with 27 CFR 178, 126a.

11. The transferor (seller) of a firearm is responsible for determining the lawfulness of the transaction and for keeping proper records of the transaction. Consequently, the transferor should be familiar with the provisions of 18 U.S.C. 921-929 and the Federal firearms regulations, Title 27, Code of Federal Regulations, Part 178. In determining the lawfulness of the sale or delivery of a rifle or shotgun to a non-resident, the transferor is presumed to know applicable State laws and published ordinances in both States.

12. After you have completed the firearm transaction, you must make the completed, original copy of the ATF F 4473, Part I part of your permanent firearms records including any supporting documents. Filing may be chronological (by date), alphabetical (by name), or numerical (by transaction serial number), so long as all of your completed Forms 4473, Part I are filed in the same manner.

### DEFINITIONS

1. Over-the-counter Transaction—The sale or other disposition of a firearm by the transferor (seller) to a transferee (buyer), occurring on the transferor's licensed premises. This includes the sale or other disposition of a rifle or a shotgun to a non-resident transferee (buyer) occuring on such premises.

2. Published Ordinances—The publication (ATF P 5300.5) containing State firearms laws and local ordinances which is annually distributed to Federal firearms licensees by the Bureau of Alcohol, Tobacco and Firearms.

3. Under indictment or convicted in any court—An indictment or conviction in any Federal, State or Foreign Court.

ATF F 4473 (5300.9) PART I (4-91)